## FARMERS' & MERCHANTS' NAT. BANK OF FARMERSVILLE v. HICKMAN et al. (No. 3542.)

Court of Civil Appeals of Texas. Texarkana. March 8, 1928.

1. **Bills and notes** ⊘⇒537(1, 8)—**Conflict in evidence whether note was renewal and whether collateral note had been put up to plaintiff's knowledge and paid held for jury.**

In suit on note against maker and sureties, conflict in evidence whether note sued on was renewal note and whether another note had been put up as collateral to plaintiff's knowledge and paid, though not applied on original note in suit, was for jury.

2. **Appeal and error** ⊘⇒1002—**Verdict for sureties on note under special findings of fact by jury on conflicting evidence may not be disturbed on appeal.**

Verdict for sureties sued on note, based on special findings of fact made under conflicting evidence, as to whether note sued on was renewal note and whether another note had been put up as collateral to plaintiff's note and paid, but not applied on original note, may not be disturbed on appeal.

Appeal from District Court, Collin County; F. E. Wilcox, Judge.

Action by the Farmers' & Merchants' National Bank of Farmersville against R. L. Hickman and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Smith & Abernathy, of McKinney, for appellant.

Truett & Neathery, of McKinney, for appellees.

LEVY, J. The appellant bank brought the suit against R. L. Hickman, A. H. Johnson, and L. R. Latham to recover the principal of $507.65, with interest and attorney's fees, alleged to be due and owing on the promissory note executed by the three parties named. The defendant R. L. Hickman made no answer, and judgment by default was enter-

ed against him. The other two defendants pleaded in denial of liability, in substance, that, although they appear as joint makers of the note, they were in fact sureties of R. L. Hickman; that the present note sued on was a renewal note of the indebtedness of R. L. Hickman; that, as an inducement and as indemnity to defendants to sign the original note as sureties, R. L. Hickman put up as collateral security to the bank a vendor's lien note for $516.70 owing by H. B. Pruett, and that thereafter H. B. Pruett paid the vendor's lien note in full to the bank, and that, instead of applying the money to the payment of the note of R. L. Hickman, the bank placed the money to the general credit and use of R. L. Hickman; that the bank at the time of the present renewal note represented to defendants to the effect that the collateral note was not paid, and, relying upon such representation, the defendants signed the present note as sureties. The plaintiff replied to the answer by denial, and specially asserting estoppel by agreed waiver of collateral security at the time of the renewal of the present note.

The jury made special findings of fact, in substance, as follows: (1) That R. L. Hickman placed with the bank a vendor's lien note for $516.70, signed by H. B. Pruett, as collateral security for the original note. (2) That the cashier of the bank was informed at the time that the note of H. B. Pruett was placed as collateral security of the original note of R. L. Hickman to induce the defendants to sign the original note as sureties, and that they would not otherwise sign the note. (3) That the bank afterwards collected the H. B. Pruett note and placed the money to the personal account of R. L. Hickman without the knowledge and consent of defendants. (4) That the defendants did not agree with the bank at the time of the renewal and extension of the note that they would waive the collateral note or waive any defense they might have by reason of their claim that a collateral note had been deposited with the original note. In keeping with the verdict, the court entered judgment in favor of the sureties.

The points on which the appeal is predicated are that: (1) There is no evidence to sustain the finding of the jury on special issue No. 1; and (2) the finding of the jury on special issues Nos. 1, 2, and 3 are against the preponderance of the evidence.

[1, 2] Considering the entire evidence, and the inferences and conclusions therefrom allowable to a jury, it is thought that it may not be said that there is insufficiency of evidence to sustain the answers of the jury to the several special issues submitted to them. Although there is evidence to the contrary, yet there is some positive testimony going to show that the note sued on was a renewal, with interest included, of the alleged original $400 note, and that the H. B. Pruett note was put up as collateral to the bank's knowledge. The conflict was for the jury, and this court may not disturb the verdict.

Accordingly the judgment will be affirmed.